UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| CARRIE B. BROWN, | ) | No. ED CV 04-00944-VBK |
| Plaintiff, | ) ) | MEMORANDUM OPINION AND ORDER |
| v. | ) ) | (Social Security Case) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

Plaintiff asserts that it was error for the ALJ to effectively

ignore the opinions of two MSWs, Ms. Alverio and Ms. Banker. (Motion at 2-3.) While acknowledging that these practitioners do not constitute acceptable medical sources according to the applicable cases and regulations (Motion at 3), Plaintiff asserts that the evidence must be considered pursuant to these same sources. In fact, it is not mandatory that the Commissioner consider evidence from non-acceptable medical sources. (See 20 C.F.R. §416.913(d)(1).) In any event the more important question is one of relevance. As the Commissioner notes (Cross-Motion at 4), Ms. Alverio's assessment was rendered on December 10, 1999, before Plaintiff has filed her application, and significantly, before she ceased her abuse of drugs and alcohol. (See AR at 252.) As to Ms. Banker, Plaintiff focuses on her assessment of a Dysfunction Rating of "severe" (Motion at 3, citing AR 195), but ignores the balance of the items in the "mental status" evaluation, which indicate average intellectual functioning; no cognitive deficit; intact memory; organized and coherent thought processes; no thought content delusions; average judgment; and appropriate affect. (AR 194.) In essence, Plaintiff fails to articulate why the ALJ's determination that she suffers from bipolar disease and drug and alcohol abuse (AR 14) is inconsistent with Ms. Banker's conclusions. Thus, even it could be considered error for the ALJ to have failed to specifically address Ms. Banker's findings, any error would be harmless, in view of the record.

Most importantly, the ALJ assesses in detail Plaintiff's current psychiatric treatment, begun in May 2002 after she was released from jail. Plaintiff has voiced no objection to the accuracy of this summary (see AR at 14), which indicates a level of mental functioning consistent with the ALJ's ultimate assessment and determination of

1 | Plaintiff's residual functional capacity ("RFC").

2 | Testimony of the medical expert ("ME"), Dr. Kania, at the hearing, correctly noted that Plaintiff has no recent symptoms of serious mood swings, and he testified that, without drugs and alcohol, Plaintiff's restrictions in her activities of daily living were mild, she had moderate limitations in social functioning, and similar limitations in her concentration, persistence and pace. (AR 252-253.) The ALJ gave great weight to these findings. (AR 14.)

9 | As a second argument, Plaintiff asserts that the ALJ's finding detracting from her credibility is insufficiently supported according to applicable requirements of case law. (Motion at 4-5.) While Plaintiff asserts that the ALJ in fact failed to make proper credibility findings, the Court disagrees. They are found in the following portion of the opinion:

> "In this case, the undesigned finds the claimant's statements regarding her pain and other symptoms concerning her established impairments are not persuasive or credible at least to the degree that she alleges an inability to perform all work activities. The evidence of record fails to support her allegations of unrelenting and debilitating pain."

(AR 15.)

The ALJ's determination as to Plaintiff's credibility is well-supported by his finding that, despite her claims of unrelenting and debilitating pain, she has only undertaken, at most, conservative treatment. See Tidwell v. Apfel, 161 F.3d 599, 601-02 (9th Cir. 1998). The Court finds that the ALJ complied with the requirements

articulated by the Ninth Circuit in Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991).

Finally, concerning Plaintiff's argument that the ALJ failed to consider alleged side effects of her medications, the fact is that her treating physicians made no record or suggestion that she had such side effects, and the ME indicated that there is no evidence in the record of such limitations. (AR 179, 226, 228, 254.) On this basis the ALJ reasonably rejected the issue of medication side effects in his decision.

For the foregoing reasons, the Court affirms the decision of the Commissioner.

**IT IS SO ORDERED.**

DATED: 7-20-05

VICTOR B. KENTON
UNITED STATES Magistrate Judge